FILED

MAY 18 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Craig, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Brett Parson, Sgt.-Lt., Metropolitan | ) | 10 0826 |
| Police Department, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Craig (no last name) has filed an application to proceed without prepayment of fees and a pro se complaint. The application will be granted and the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Craig, who identifies himself as a temporary resident Saint Elizabeth's Psychiatric Hospital, brings this suit against Brett Parson, allegedly an officer in the District of Columbia's Metropolitan Police Department ("MPD") and director of the MPD's Gay Liaison Unit. Complaint ¶ 4. The complaint alleges that Craig was "falsely arrested because of . . . Parson." *Id.* ¶ 1. However, the facts alleged in the complaint, in relevant part, assert only that Parson directed two other MPD officers to investigate a report of domestic violence at Craig's dwelling. *Id.* ¶ 4. Craig alleges that the two officers who came to his home on February 28, 2006, were rude to him, called him derogatory names, and pointed a gun at him when he picked up a pair of scissors. *Id.* The complaint contains several derogatory remarks about Parson, *id.* ¶ 5. As injunctive relief, Craig seeks a restraining order requiring Parson to stay at least 3 miles from him, and that Parson be put in federal prison for the rest of his life. *Id.* at 6 ¶¶ 1-2. As monetary

relief, Craig seeks only "spiritual" damages in the aggregate of 3 trillion, 300 billion, and 3 million dollars. *Id.* at 6 ¶ 4.

The complaint does not identify the federal right of action under which Craig brings this complaint, and the facts alleged in the complaint do not support a reasonable inference that the two officers made a false arrest of Craig on February 28, 2006, or that Parson directed them to make a false arrest, or even that Craig was singled out for arrest because of his disability. In short, the facts alleged in the complaint do not state a claim for a violation of Craig's federal civil rights. Accordingly, this complaint will be dismissed for failure to state a claim upon which relief may be granted.

A separate order accompanies this memorandum opinion.

Date: *April 30, 2010*

United States District Judge